Thank you, Your Honor. Lawrence Rolfing on behalf of Young Cho, who's the real party in interest. Mr. Cho represented Ragan Soriano in a disability case and obtained a voluntary remand. The party stipulated to a remand. And on remand, over $100,000, almost $120,000 in past-due benefits were awarded to Soriano as a result of his services. The withholding was $28,000. Mr. Cho asked for a $20,000 fee. And the district court reduced that fee to $15,000 based on a Lodestar calculation of not only the paralegal services at $100 an hour, which is an hourly rate, Lodestar, and also imposing a Lodestar hourly rate on Mr. Cho's time. Well, the district court started with the contract rate. Isn't that correct? The district court... Because he just took the paralegal as an expense and plugged it in at whatever their $100 an hour for the paralegal expense. But he started with the contract. The court did start with the contract, did analyze the contract, decided that the contract and the reduced fee request would constitute a windfall, and then arrived at a result using a Lodestar. He compared what he concluded with the Lodestar. How do you say that he converted it to a Lodestar calculation? And in Crawford, they specifically authorized the adjustment downward for various reasons, including if the requested fee would result in a windfall. How do we determine what is a windfall? Well, the three cases in Crawford, all three of them involved a voluntary remand, a stipulated remand by the agency. Those cases are on all fours with this case. It is not unusual for the agency to stipulate to a remand of a claim and confess error under sentence four and send the case back for further proceedings. Well, my question is, how do you determine what is a windfall? I mean, I could decide that $22,000 is not a windfall, and Judge Nelson could say, oh, that's a huge windfall. Now, how do we sort that out? Well, the majority decision in Crawford rejected the district court's decisions in those three cases as evidencing a windfall and imposing an hour and calculating the fees based on hours times a rate. They said you can't use a Lodestar to start. You can't use a Lodestar to finish. I don't read Crawford that way, counsel. I mean, Crawford, I understand the desire to expand Crawford, but Crawford on its terms only said, and I think it could only say, that you had to start with the contract, but that you could still use Lodestar. Because Gisbrecht clearly said, I mean, the United States Supreme Court has clearly said that you can use Lodestar. Once the court has calculated an effective hourly rate, which is what the partial dissent said in Crawford, this is Judge Clifton and Judge Kaczynski, you calculate the effective hourly rate, and if the effective hourly rate is unreasonable, and the court says that's an unreasonable hourly rate, the touchstone in Gisbrecht and in Crawford are the results achieved. What does the value conferred on the client? And so if a $15,000 fee would ordinarily be reasonable, but the amount of recovery in this case is approaching $120,000, or in the case argued just before us, it was $250,000, you don't stop when you reach that cap of what you thought in the past was a maximum hourly rate or a maximum reasonable fee. You have to continue to drift upwards. It's a regressive tax on the client's benefits. The first sum is, the fee is 25%, the next layer might be 15%, the next layer might, you might actually get to 10% as the court did from Arizona. But you never stop adjusting upward because of the recovery. And this is the point that I tried to make in the brief in this case and in the other cases that were submitted. A value has little to do with time. There's certainly a correlation of value and time, but it is not a causal relationship between value and time. Mr. Cho's time in this case was circa 20 hours, and the paralegal was three or four hours. But that doesn't mean that his services weren't as valuable as an attorney that invests 30 or 40 or 50 hours in the case. That's all he does. That's all he does is social security cases. He doesn't have to look up the treating physician rule. He's ensconced in the treating physician rule. He's ensconced in the excess pain doctrine. He knows the cases and the regulations and the rulings and applies them in a mechanical, workmanlike fashion to get results for his client like this. Can I ask you one question? Why is it that in 90% of these cases that I've seen, the contract starts out with 25% and the attorney, despite a great result, says, oh, let's reduce that to 17.6%. Now, is he saying that it will be a windfall for him to get the 25%? I'm just really torn on this issue as to how we come up with what is a reasonable, non-windfalling fee. It's a great argument, but it doesn't answer my question. If Judge A says it's X and Judge B says it's Y, who's wrong? Those are two different questions. Let me answer the first one first. The first question is why is there a dampening of the 25% in the court case? Well, we're trying to leave room for a reasonable fee before the agency because it is an error in your business model if you tell the administrative law judge, I represented the claimant before the agency for free. I'm just going to get all my fees from my federal court work. Similarly, it's a business model error to tell the district court work, yeah, my time is worth $206 an hour under the AJA. I'm not asking for anything else. I don't want to say double the cover, but the AJA fees in the district court are offset against the 25%. The fees from the Social Security Administration, and I don't know that we know what those were here, but under the contract, you could recover those in excess of the 25%, right? That's true, and that's what the Supreme Court said in Culbertson. As a factual matter, the agency only withholds a single 25%. And as a factual matter, even though counsel can recover a second fee and exceed the 25% cap, the reality is that most attorneys do not. And Mr. Cho did not in this case. The reason we don't know what the agency fee in this case is because the agency hasn't authorized a fee. It's been sitting for three years. So I have 30 seconds left. Counsel, I'll give you a few seconds extra to answer my question. I have this question. The Supreme Court in Gisbrecht said that, you know, after starting with the contract, the court could look at the hours an attorney spent as part of its assessment of reasonableness. So my question relates to paralegal time. You know, some lawyers use a lot of paralegal time. Some use a very small amount. How do you think the district courts should look at paralegal time when assessing reasonableness? I think that the district courts should look at paralegal services and law clerk services the same way that Judge Clifton did in the concurrence and dissent in Crawford. Blend the hours together and come up with a closet hourly rate. That's what Judge Clifton recommended. That's what Judge Kaczynski concurred with. I think that that paradigm that Judge Clifton described is the right operating model for determining, doing the windfall analysis. And the reason for that is that I paid the paralegals years ago. I'm just trying to get my money back. And to say I get the base hourly rate that I would have had and I billed the client that day is not reasonable. It doesn't factor in the risk of loss and the delay. So it should be folded in together. Thank you, counsel. Well, I think Mr. Rowling's time's up, but we're going to give you a minute of rebuttal. So you could plan for that. Thank you. So why don't we please go to Mr. Saccolari and for appellee. I'm Paul Saccolari for the Commissioner of Social Security. As noted in the previous case, the commissioner is in a bit of an odd position here in that we are not a party to the agreement between the claimant and counsel Mr. Rowling in this particular case. We did not take a position as to the reasonableness of the fee at court below nor the proceedings before this court. So as such, I don't have any particular argument, but I'm happy to answer any questions that the court may have. I have no questions. Let's see. Judge Kelly, I'd like to hear your thoughts on how we determine what is and what isn't a windfall. Well, Your Honor, I think the issue here is that each particular case obviously has its own particular facts. The issue is that as these come up before each judge, the judge is going to weigh the particular facts in that case, including the amount of the fee versus what had happened in the proceeding and comes to some reasonable factor. I'm not aware that there's any particular break line rule. The 416 statute simply says that the court should certify a reasonable fee. Obviously, as you mentioned, different judges may come to different conclusions as to what is reasonable. But I would argue that's the point of the court system that the judges do. They look at particular facts and make a determination. Thank you. Judge Nelson, any questions? No. Okay, I think we're back to appellant. I'll be extremely brief. Judge Bay asked the same question at oral argument in Crawford. How do you determine a windfall? The answer that I gave Judge Bay over a decade ago was the attorney files a complaint, the agency immediately confesses error and stipulates the award of benefits. That would clearly be a windfall. That would not be a case that would justify a significant fee. Why couldn't the attorney's expertise and his bulldoggishness scare the commission into just rolling over? Isn't that worth something? I hope it is. I hope it happens. I'm not sure that it does. I've got the same problem. Right. If I think it should be 25 and Judge Nelson thinks it should be 23, who's right? If we each took into consideration and gave a concise reason. Which really goes to the heart of what's wrong with this case being here in the first place, with all four of the cases being here. Fee litigation is not supposed to turn into satellite litigation. It really isn't. And that's exactly what we've done. We've absorbed significant amounts of the district court judge's time. We've absorbed a significant amount of time from the appellate court. And what we're really asking for is direction. When you use a load star as a look back, use it as a look back. Determine if it's a windfall. And if it's not, then drift the fee down. But don't use a load star to calculate the fee. Keep using the contingency model. Because Crawford says start with the contract. And if any one of the three different things occur, you drift down. It doesn't say every fee has to be reduced down. If everybody is satisfied that the person did the work. Right. Good work. And one of the factors that the court emphasized in Crawford. Was that council had exercised billing discretion and modified the fee downward. That's the problem. Why would you modify down if what you have done is adequate, is better than adequate. And it's not going to be a windfall. Because we're trying to leave room for an aggregate fee not to exceed 25%. Thank you. Council, let me ask a question. The same one I asked in that first social security argument. If we were to determine that there was some error in the calculation of fee by the district court. Do we have authority to just set a fee ourselves? Or would we have to remand for the kind of continuing layers of proceedings that you've criticized? Only Judge Clifton and Judge Kaczynski, who are not necessary to make a majority, took that position. The six of the 11 judges that heard Crawford. Awarded the fees that were sought because they met the Crawford three-part analysis, including a modest fee reduction. And so you clearly have the discretion to make a fee award and not remand this. Other than to have it entered and spread upon the docket of the district court. You can also exercise your discretion to send it back with directions. But you clearly have the authority to make the fee award yourself. Okay. Then I'll pose a question to Appellee's Council. Do you agree with that? Yes. You have discretion to award fees or to remand it back if you believe that the district court has used this discretion. Great. Okay. Well, thank you. Well, unless one of my colleagues here has another question, I think we can submit this case. And we can thank counsel for both sides for their excellent arguments. And hearing no question further, let's say this case shall now be submitted. And the parties will hear from us in due course.
judges: Kelly, Gould, Nelson